**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| TERESA Y. EVATT ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| TRI-DIM FILTER CORPORATION ) | |
| Serve: Corporation Service Company ) | |
|     Bank of America Center, 16th Floor ) | |
|     1111 East Main Street ) | |
|     Richmond, VA 23219 ) | |

## COMPLAINT

Plaintiff, Teresa Evatt, brings this complaint against Tri-Dim Filter Corporation:

### JURISDICTION AND VENUE

1. This is an action for retaliation and employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. The Court has subject matter jurisdiction because the claim presents a federal question.

2. Defendant is a Delaware corporation that maintains its corporate office and a manufacturing facility in Louisa, Virginia. Thus, Defendant is subject to personal jurisdiction in Virginia.

3. Venue is proper because the events giving rise to this suit took place at Defendant's facilities located in Louisa, Virginia, which is in the Western District of Virginia.

4. Plaintiff timely filed a charge with the U.S. Equal Employment Opportunity Commission; received a Notice of Right to Sue dated September 26, 2013, and filed this action within 90 days of receiving that notice.

**FACTS**

5. Tri-Dim Filter Corporation hired Teresa Evatt as a customer service representative in January 2007. In 2009, Tri-Dim expanded Ms. Evatt's role to include responsibilities as administrative assistant for the Research and Development Department in addition to her customer service representative duties. With the exception of one formal record of discipline, dated November 17, 2008, the employment relationship progressed smoothly until May, 2011.

6. Tri-Dim hired Ms. Evatt's daughter, Shauna, in April, 2011, as a temporary employee. Shortly after Shauna started working at Tri-Dim, her supervisor, Ron Moyer, made sexual advances toward Shauna, made lewd gestures to her, sent her inappropriate text messages and discussed sex in her presence.

7. In mid-April, 2011, Ron Moyer sent to Shauna a series of text messages. Shauna did not respond to those text messages.

8. On or about April 16, 2011, Ron Moyer sent to Shauna a text message that threatened her job if she did not respond to his text messages.

9. Shauna sent a copy of this text message to Teresa on April 16, 2011.

10. On April 18, 2011, Teresa showed this text message to her supervisor, Rodney Payne, and she expressed her concern that Ron Moyer was engaged in inappropriate behavior toward her daughter.

11. On May 9, 2011, Mr. Moyer called Shauna Evatt into a meeting with Debra Goodier of Tri-Dim's human resources department. At the meeting, the managers told Shauna that she must change her shirt because it was distracting Mr. Moyer. Tri-Dim did not have a dress code for its employees.

12. Later in the day on May 9, 2011, Teresa Evatt approached Ms. Goodier for a copy of the Employee Handbook.  Ms. Goodier would not give Teresa a copy of the Employee Handbook.

13. On May 12, 2011, Teresa was called into a meeting with Debra Goodier.  During the meeting with Teresa, Teresa informed Ms. Goodier that she would support her daughter if Shauna filed a complaint of sexual harassment.

14. On May 12, 2011, Rodney Payne, Regional Manager, gave to Teresa a memorandum reprimanding her for having requested a copy of the Employee Handbook.  Mr. Payne's memorandum stated that "It was assumed that this incident is related to the conversation that Debra [Goodier] had with your daughter regarding dress code in her work in the production area."

15. The memorandum continued: "… your daughter's employment with Tri-Dim in the production area and your employment in the sales area are separate.  Individually, you are expected to act on your own behalf as Tridim [sic] employees."

16. Rodney Payne gave Teresa a "Corrective Action Notice" on May 12, 2011, instructing her to have "no involvement with other employee issues."

17. This reprimand was specifically in response to Teresa's efforts to back up Shauna in her dispute with Tri-Dim management.

18. From this point on, Tri-Dim peppered Teresa with petty complaints and dissatisfactions.

19. Several of Defendant's managers – Rodney Payne, Ron Moyer, Debra Goodier, and others – treated Teresa differently from that point on.

20. Following her effort to support her daughter, petty complaints and dissatisfactions that had never before been the subject of written notice now resulted in documentation in writing for Teresa's personnel file.

21. These complaints were not meritorious, and constituted both harassment of Teresa and an attempt to manufacture cause for her termination.

22. No other "Corrective Action Notices" were filed for any of these other complaints.

23. On September 13, 2011, Ron Moyer, as Shauna's supervisor, fired Shauna, alleging that she was unable to get along with her team leaders.  The only team leader with whom she was unable to get along was Ron Moyer, the man who had been harassing her.

24. On September 27, 2011, Rodney Payne, as Teresa's supervisor, fired Teresa, based on her alleged "history of poor performance issues."  The termination notice that appears in her file has no date on it.

25. Teresa Evatt did not have a "history of poor performance issues."

26. Teresa Evatt was terminated because of her support for her daughter's sexual harassment claim.

## Count I: Sex Discrimination Retaliation

27. Ms. Evatt is protected from retaliation discrimination by Title VII.

28. Ms. Evatt engaged in the protected activity of requesting a copy of the employee handbook on behalf of another employee who she believed was being sexually harassed and for informing Defendant that she would support the harassed employee in making a complaint of sexual harassment.

29. After engaging in the protected activity, Defendant discriminated against Plaintiff by subjecting her every movement to increased scrutiny and then ultimately firing Ms. Evatt from her job without justification.

30. As a direct and proximate result of Defendant's actions, Ms. Evatt has suffered and will continue to suffer pecuniary loss in the form of lost wages and medical bills that would have been covered by employer-provided medical insurance but for her unjust termination.

31. As a direct and proximate result of Defendant's actions, Ms. Evatt has suffered and will suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

32. At all times material to this claim, Defendant engaged in a retaliatory and discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Ms. Evatt so as to support an award of punitive damages.

33. The acts described above by Defendant constitute retaliation discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

Wherefore, Plaintiff Teresa Evatt prays for judgment against Defendant Tri-Dim Filter Corporation in the amount of $50,000 in equitable damages for lost wages and unreimbursed medical expenses, $300,000 in compensatory and punitive damages, and pre-judgment interest from the date of termination of Plaintiff's employment, plus costs and attorney's fees, and such other and further relief as may be just and equitable. Plaintiff demands a trial by jury.

Respectfully submitted,

                                                              _____/s_____  
                                                        J. Lloyd Snook, VSB #19230  
                                                        Snook & Haughey, P.C.  
                                                        408 East Market Street, Suite 107  
                                                        Charlottesville, VA 22902  
                                                        434-293-8185  
                                                        434-295-0698 (fax)  
                                                        jlsnook@snookandhaughey.com